UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ARIEL LEON,

    Plaintiff(s),

v.

WYNN LAS VEGAS, LLC,

    Defendant(s).

Case No.: 2:18-cv-00992-APG-NJK

**ORDER**

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 2. Plaintiff has also submitted a complaint. Docket No. 2-2.

### I. *In Forma Pauperis* Application

Plaintiff filed the affidavit required by § 1915(a). Docket No. 2. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

### II. Screening the Complaint

#### A. Standards

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**B. Title VII Claims**

Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, and the Nevada anti-discrimination statue, NRS § 613.310, when he was "treated disparately, subjected to hostile work environment, and subsequently retaliatorily terminated." Docket No. 2-2 at 2.

Before a plaintiff can file an action for an alleged violation of Title VII, he must file a timely charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the discriminatory act and then file suit within ninety days of receiving a right-to-sue letter.

42 U.S.C. § 2000e-5(e)(1) & (f)(1). "This ninety-day period is a statute of limitations." *Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380, 383 (9th Cir.1997), *cert. denied,* 522 U.S. 858 (1997). Title VII claims filed beyond the ninety-day period are subject to dismissal under Rule 12(b)(6). *See e.g.*, *Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir. 1992); *see also Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 807 (9th Cir. 1996) ("If the claimant does not file within this 90-day period, the action is barred."). Compliance with the 90–day filing requirement is a condition precedent to filing in federal court, which acts like a statute of limitations. *See, e.g., Million v. Frank,* 47 F.3d 385, 389 (10th Cir.1995).

Here, Plaintiff submits that he experienced intentional adverse disciplinary acts and humiliating statements, was denied benefits, rights, and privileges afford to other employees, and was retaliatorily terminated by Defendant because of his race, national origin, and disability. Docket No. 2-2 at 6-11. Plaintiff submits that Defendant's actions were willful and that Defendant knew about the conduct of its employees, but failed to take corrective action. *Id*. at 6-8, 10. Plaintiff submits that he first filed his Charge of Discrimination on June 30, 2014, was terminated on December 20, 2015, and received Notice of Right to Sue Letter on April 14, 2016. *Id*. at 2; *see also* Docket No. 2-3 at 4, 6, 10. Plaintiff filed his application to proceed *in forma pauperis* and his complaint on June 1, 2018. Docket No. 2. Accordingly, Plaintiff received his right to sue letter more than two years before he filed suit in this Court.

In light of the above, the complaint is hereby **DISMISSED** without prejudice.[1] Although it appears unlikely that Plaintiff can overcome the above deficiency, the Court will permit him the opportunity to amend the complaint if he believes he can do so.

**III.     Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted

---

[1] In light of the deficiency outlined herein, the Court need not opine on whether other deficiencies exist that may also prevent Plaintiff from pursuing his claims through the instant lawsuit.

to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **August 15, 2019**, to file an amended complaint to show that his case was timely filed. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: July 18, 2019

_____
Nancy J. Koppe
United States Magistrate Judge